OPINION
Appellant Clifton Ridgway, Jr., is appealing the decision of the Canton Municipal Court that sentenced him to thirty days house arrest and restitution. The following facts give rise to this appeal.
On April 14, 1998, appellant was involved in an auto/pedestrian accident while traveling north on Harrison Avenue. The pedestrian, a six-year-old child, darted in front of appellant's vehicle. Although appellant immediately applied his brakes, appellant's vehicle knocked her down causing slight bruising. Appellant apparently failed to report this incident to the police although he did exchange names and phone numbers with the child's parents.
Appellant was subsequently cited for no operator's license, in violation of R.C. 4507.02(A)(1); failure to report an accident, in violation of R.C. 4509.74; and unauthorized use of plates, in violation of 4549.08. As a result of these charges and following a pre-sentence investigation, on June 3, 1998, the trial court granted appellant permission to participate in Canton Municipal Court's Home Incarceration Program. Appellant was to begin serving his sentence on July 20, 1998, for a period of thirty days.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE JUDGEMENT (SIC) OF THE COURT IS NOT SUSTAINED BY THE WEIGHT OF THE EVIDENCE.
 II. THE JUDGEMENT (SIC) OF THE COURT IS CONTRARY TO LAW, NOT WITHSTANDING THE SUPREME LAW OF THE LAW, (SIC) SECURED BY THE TREATY OF U.S. CONSTITUTION AND OHIO CONSTITUTION.
 III. THE COURT ERRED IN OVERULING (SIC) DEFENDANT PERROGATIVE (SIC) RIGHTS OF UNALIENABLE RIGHT GRANTED TO ALL PEOPLE BY THEIR CREATOR.
 IV. THE JUDGEMENT (SIC) OF THE COURT IS DISOBEDIENT TO THE LAWS OF THIS NATION, UNITED STATES OF AMERICA.
 I, II, III, IV
We will address all four of appellant's assignments of error simultaneously. Although the record reflects appellant requested, by motion dated June 15, 1998, that a transcript be prepared in this matter, the record reflects, on appeal, that no transcript has been filed.
When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197. Because appellant has failed to provide this Court with those portions of the transcript necessary for resolution of the assigned errors, we must presume the regularity of the proceedings below and affirm.
Appellant's first, second, third, and fourth assignments of error are overruled.
For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.
By: Wise, P. J., Gwin, J., and Farmer, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.